[No 2273.   Decided October 1, 1896.]

GABRIEL ASPLUND, *Respondent,* v. CHARLES MATTSON, *Appellant.*

PLEADING — DEPARTURE — WAIVER OF OBJECTION — CONTRACT — BREACH — BURDEN OF PROOF.

By proceeding to trial without raising the objection that the reply constitutes a departure from the cause of action set out in the complaint, the defendant waives his right to urge the objection on appeal.

Where work under a contract has been suspended because of plaintiff's inability to proceed therewith owing to acts of God preventing the work, there is no breach of contract, and where defendant enters and dispossesses plaintiff prior to the period fixed by the contract for completing the work, the burden of proof is on defendant, in an action to recover damages for breach of contract, to prove that plaintiff was not ready and willing to continue in the performance of said work and refused to go upon said land as soon as it was in condition to have work done upon it.

Appeal from Superior Court, Skagit County.—Hon. HENRY MCBRIDE, Judge.   Affirmed.

*Frank Quinby,* for appellant.

*Million & Houser,* for respondent.

The opinion of the court was delivered by

GORDON, J.— Respondent brought this action to recover damages for breach of a contract in writing entered into between the parties, by the terms of which the respondent undertook and agreed to clear, ready for plowing, sixty acres of land on the homestead of the appellant, and to commence work by July 1, 1892, " and continue until finished, which shall not be later than October 1, 1893, and if discontinued for more than thirty days said Mattson shall have sufficient cause for nullifying this contract." The answer of the defendant was a general denial, coupled with an affirmative defense and counterclaim. There was a verdict and judgment thereon for respondent, and the defendant in the action appealed.

1. It is urged in this court that the reply of the respondent constitutes no defense to the affirmative defense contained in the answer, and it is further contended that the reply was a departure from the cause of action set out in the complaint. We have become satisfied from an examination of the pleadings that these objections are not well taken, but in any event we think that they come too late, and that by proceeding to trial without objection the appellant has waived his right to urge them.

2. It is next complained that the court erred in instructing the jury. It is conceded that the respondent had commenced the work, and cleared a considerable portion of the land and that the appellant had from time to time advanced as part payment of the contract price the sum of $615. It also appears that the respondent had discontinued work during the spring and summer months of 1893, pleading as an excuse for so doing that he was prevented from prosecuting the work by reason of the excess of rain fall, flooding

the land to an extent not contemplated by the parties at the time of the execution of the contract, and such as to hinder and make it impossible for him to continue the work, and that his failure to go ahead was by reason of an act of God, whereby he was excused. It further appeared that on the 10th of August, 1893, and before the time fixed by the contract for the completion of the work, the appellant entered upon the premises, took possession thereof and completed the work. The instruction complained of in this regard is as follows:

" If, gentlemen of the jury, you believe from the evidence that the plaintiff was prevented from continuing the work in clearing said land for the reason that there had been excessive rainfall in the spring and summer of 1893, thereby flooding the land of defendant to such an extent, and the same not being contemplated by the parties at the time of the execution of the contract, and so as to hinder and make it absolutely impossible for plaintiff to continue the work at that time, and without allowing thirty days to elapse without performing said work, or any part thereof, that is, that he was prevented from going ahead with the work by an act of God, that is a legal excuse for the plaintiff's discontinuing the work. And it having been conceded that the defendant was upon the lands on or about the 10th day of August, 1893, and began to complete the work which plaintiff was to perform under the terms of the contract, then and because of that act the burden of proof is shifted upon the defendant to prove that plaintiff was not ready and willing to continue in the performance of said work and refused to go upon the land as soon as it was in condition to have work done upon it; and should you find that the defendant has not, by a fair preponderance of the evidence, proved such refusal, and should you further find that plaintiff was prevented from so completing such work by reason of the acts of the defendant in going upon said premises and

performing the work himself, then you should find for the plaintiff and fix his damages at the amount of what you may believe from the evidence would have been the fair profits of the entire contract had be been allowed to finish the same."

It is contended that the burden of proof did not shift upon the defendant to prove that the plaintiff was not ready and willing to continue the work. But we think counsel is mistaken in assuming that the discontinuance of the work upon the part of respondent constituted a breach. And in the light of the evidence and the verdict rendered, the jury evidently considered respondent's failure to prosecute the work during the spring and summer months, excusable. Under the circumstances there was no breach of contract upon his part. The work was simply suspended, and the appellant having entered and dispossessed respondent prior to the period fixed by the contract for completing the work, he assumed the burden of proof as charged in the instruction complained of. Bishop, Contracts, §§ 608, 609; 3 Am. & Eng. Enc. Law, p. 899; 2 Parsons, Contracts (6th ed.), *672.

3. The next error complained of relates to the giving of another instruction. But when the instruction is considered in the light of the admitted fact that the appellant took possession of the premises and the further fact that the jury have by their verdict determined that there was no breach of the contract upon the respondent's part, we think that the giving of the instruction was not error; and in any event it was not prejudicial error.

4. The remaining objection is that the verdict and judgment is not supported by the evidence; and it is urged upon the theory that the jury based the amount of the recovery given upon the assumption, that the

plaintiff was entitled to recover the total amount of what he would have made had he been allowed to complete the contract. We have examined the evidence and the charge of the court bearing upon this feature of the case, and do not feel warranted in disturbing the verdict.

Affirmed.

DUNBAR and ANDERS, JJ., concur.